Christine L. Reinert
MacMillan, Scholz, and Marks, LLC
4640 S Macadam Ave., Ste. 100
Portland, OR 97239
Office: (503) 224-2165
Facsimile: (503) 224-0348
Email: creinert@msmlegal.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of Eldon Tobiasson,<br><br>    Plaintiff,<br><br> vs.<br><br>BUREAU OF LAND MANAGEMENT,<br><br>    Defendant. | Case No.:<br><br>COMPLAINT<br>(Negligence)<br><br><br><br>Claim: $27,596.89 |

Plaintiff alleges:

**CLAIM FOR RELIEF**

(Negligence-Property Damage)

1.

This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. §2671, and 28 U.S.C. §1346(b). Venue is properly within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the District of Oregon.

2.

At all material times, the motor vehicle accident occurred on a dedicated public roadway in the City of Klamath Falls, County of Klamath, State of Oregon.

3.

On or about September 14, 2023, plaintiff's insured, Eldon Tobiasson, was the owner and Camille Tobiasson was the driver of a 2008 Honda Accord, Oregon license plate number 002JUY, with Bree Tobiasson as a passenger. Ethan Johnson ("Johnson") was the operator of a 2023 Ford F250 SD owned by defendant Bureau of Land Management ("BLM"), an agency within the United States Department of The Interior.

4.

On or about September 14, 2023, Camille Tobiasson was operating Eldon Tobiasson's vehicle and John was operating BLM's vehicle on a dedicated public roadway in the City of Klamath Falls, Oregon. At said time, Johnson, while acting within the course and scope of his employment with the BLM, did so negligently operate BLM's vehicle so as to cause it to collide with Eldon Tobiasson's vehicle, causing damage to Eldon Tobiasson's vehicle and personal injuries to Camille Tobiasson and Bree Tobiasson.

5.

Defendant BLM is vicariously liable for the negligence of Johnson because he was acting within the course and scope of his employment with BLM at the time of the collision.

6.

The direct cause of the aforementioned collision and resulting damage was the negligence of defendants in one or more of the following particulars:

(a) In failing to maintain a proper or any lookout for other vehicles on the public roadway;

(b) In failing to maintain proper control or any control over BLM's vehicle; and

(c) In operating BLM's vehicle at a speed which was unreasonable under the circumstances then and there existing; and

(d) In following too closely to Eldon Tobiasson's vehicle.

7.

As a reasonably foreseeable result of defendants' negligence and the resulting collision, Eldon Tobiasson's vehicle sustained property damage in the amount of $12,986.50.

8.

Prior to the accident set forth above, plaintiff had issued to Eldon Tobiasson, as its insured, a policy of automobile insurance. Pursuant to the terms of the aforementioned insurance policy, plaintiff was obligated to pay, and did pay, policy benefits to or on behalf of Eldon Tobiasson in the sum of $12,986.50. The sums paid by plaintiff were reasonable.

9.

By virtue of its payments and the terms of its policy with Eldon Tobiasson, plaintiff is subrogated to all rights of its insured against defendant to the extent of its payments

**SECOND CLAIM FOR RELIEF**

(Negligence-Personal Injury)

10.

Plaintiff realleges paragraphs 1 through 9 of its First Claim for Relief.

11.

As a reasonably foreseeable result of defendant's negligence and the resulting collision, Camille Tobiasson suffered injuries.

12.

Prior to the accident set forth above, plaintiff had issued to Eldon Tobiasson, as its insured, a policy of automobile insurance. Pursuant to the terms of said insurance policy, plaintiff was obligated to pay, and did pay, personal injury protection benefits to or on behalf of Camille Tobiasson in the sum of $5,309.70. The sums paid by plaintiff were reasonable and necessary.

13.

As a reasonably foreseeable result of defendant's negligence and the resulting collision, Bree Tobiasson suffered injuries.

14.

Prior to the accident set forth above, plaintiff had issued to Eldon Tobiasson, as its insured, a policy of automobile insurance. Pursuant to the terms of said insurance policy, plaintiff was obligated to pay, and did pay, personal injury protection benefits to or on behalf of Bree Tobiasson in the sum of $9,300.69. The sums paid by plaintiff were reasonable and necessary.

15.

By virtue of its payments and the terms of its policy with Glauser, plaintiff is subrogated to all rights of its insured against defendant to the extent of its payments.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

(a)     For plaintiff's First Claim for Relief, the sum of $12,894.50; and

(b)     For plaintiff's Second Claim for Relief, the sum of $14,702.39; and

(b)     For plaintiff's costs and disbursements incurred herein, and such other relief as the Court deems proper.

DATED this Wednesday, August 20, 2025.

MacMILLAN, SCHOLZ & MARKS, LLC


By:  /s/ Christine L. Reinert
CHRISTINE L. REINERT, #084740
creinert@msmlegal.com
of Attorneys for Plaintiff